**REMAND / JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-840-GW-PJWx | Date | April 9, 2020 |
|---|---|---|---|
| Title | *Terry Holbrook v. Ford Motor Company, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None Present | None Present | |

**PROCEEDINGS:**     **IN CHAMBERS - RULING ON PLAINTIFF'S MOTION TO REMAND [20]**

Attached hereto is the Court's Final Ruling. The Court GRANTS the motion to remand, and the case is ordered to be remanded forthwith.

:

Initials of Preparer    JG

### I. Background

Before the court is a motion by plaintiff Terry Holbrook ("Holbrook") to remand this case to state court on the ground that the Court lacks subject matter jurisdiction.

On December 18, 2019, Holbrook filed a complaint against defendants Ford Motor Company ("Ford") and Galpin Motors, Inc. ("Galpin"), d.b.a. Galpin Ford (collectively, "Defendants") in Los Angeles County Superior Court, asserting six state-law causes of action. Only the fifth cause of action – that Ford and Galpin breached the implied warranty of merchantability in violation of the Song-Beverly Consumer Warranty Act, *see* Cal. Civ. Code §§ 1791.1, 1794, 1795.5 – involves Galpin. Complaint ("Compl.") ¶¶ 31-35, Docket No. 1-2.

Holbrook alleges the following: On or about December 24, 2011, he purchased a 2012 Ford F-250 (the "Vehicle"). Compl. ¶ 8. The purchase was accompanied by two express warranties: a 3-year/36,000-mile bumper-to-bumper warranty and a 5-year/100,000-mile powertrain warranty. *Id.* ¶ 9. "During the warranty period," the Vehicle "contained or developed defects." *Id.* ¶ 10.

Defendants removed the action to this Court on January 27, 2020, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. *See* Notice of Removal ("NoR"), Docket. No. 1. While the notice of removal alleged that Holbrook is a California citizen and acknowledged that Galpin is also a California citizen, Defendants nevertheless argue that removal is proper because Galpin is a sham defendant and that the statute of limitations for Holbrook's lone claim against Galpin expired. *Id.* ¶¶ 21-32. Holbrook filed an amended complaint on February 13, 2020. *See* First Amended Complaint ("FAC"), Docket No. 12, which pleaded additional facts about the Vehicle's repair history. *See Id.* ¶¶ 55-64.

While Defendants' motions to dismiss the FAC were pending, Holbrook filed the instant motion to remand, arguing that: (1) Galpin is not a sham defendant and Holbrook's claim against it is not time-barred; and (2) Defendants did not adequately establish the amount in controversy or the fact that Holbrook is a citizen of California. *See* Motion to Remand ("Mot."), Docket No. 20.

### II. Legal Standard

Federal courts operate under the presumption that they do not have jurisdiction over state-law causes of action. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The

party seeking removal has the burden of showing that the federal court has jurisdiction over the matter and that removal is proper. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Federal courts strictly construe the removal statute against removal jurisdiction, *id.*, and must reject jurisdiction "if there is any doubt as to the right of removal in the first instance." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).

## III. Discussion

### A. Pleading citizenship

Holbrook claims there is no diversity jurisdiction because Defendants did not adequately plead that she is a California citizen. Mot. at 23-24. The notice of removal asserts that Holbrook is a California citizen, but does not refer to any source other than the Complaint. NoR ¶ 19. While the Complaint states that Holbrook is a resident of California, it says nothing about her citizenship. Compl. ¶ 3. Holbrook argues that this insufficient. However, the Ninth Circuit rejected a very similar argument in *Ehrman v. Cox Communications, Inc.*, 932 F.3d 1223 (9th Cir. 2019). *Ehrman* involved a class action complaint in state court that was removed to federal court under the Class Action Fairness Act. In its notice of removal, the defendant noted the plaintiff's admission in the complaint that he was a resident of California, and then alleged on information and belief that the plaintiff and purported class members were all citizens of California. The Ninth Circuit rejected the plaintiff's argument that the allegations of citizenship were insufficient. It found that "a defendant's allegations of citizenship may be based solely on information and belief," *id.* at 1227, and that where, as here, the allegations are "unchallenged factually," *id.* at 1225, they are sufficient to plead diversity. Holbrook points to two cases in this district – *Metropoulos v. BMW of N. Am.*, CV 17-982 PA (ASx), 2017 WL 564205 (C.D.Cal. Feb. 9, 2017) and *Houston v. Bank of Am.*, CV 14-02786 MMM (AJWx), 2014 WL 2958216 (C.D. Cal. Jun. 26, 2014) – where the issue was decided the other way. *See* Mot. at 10. However, these decisions were both issued before *Ehrman*. Since *Ehrman*, courts in this district have found these allegations of citizenship sufficient. *See, e.g.*, *Coronel v. Ford Motor Co.*, CV 19-09841 DSF (JEMx) 2020 WL 550690 (C.D. Cal. Feb. 4, 2020) (finding that a notice of removal's allegation that plaintiff was a citizen of California was sufficient, despite it citing only the complaint, which acknowledged that plaintiff was a resident of California but said nothing of citizenship); *Lee v. BMW of N. Am.*, SACV 19-01722 JVS (ADSx), 2019 WL 6838911 (C.D. Cal. Dec. 16, 2019) (same). Here, Holbrook has not factually challenged Defendants' allegation of citizenship. Therefore, the notice of removal's allegation that Holbrook

2

is a California citizen is sufficient

### B. Fraudulent Joinder

Defendants argue that diversity jurisdiction exists here, despite the inclusion of Galpin as a defendant. Although diversity jurisdiction typically requires complete diversity of citizenship, there is an exception to the complete-diversity requirement where "a non-diverse defendant has been fraudulently joined." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). Defendants claim that the exception applies here. NoR ¶ 21. "Joinder is fraudulent 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Hunter*, 582 F.3d at 1043 (quoting *Hamilton Materials*, *Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)). However, "if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Id.* at 1044 (quoting *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007)). Defendants argue that Galpin has been fraudulently joined because Holbrook fails to state a cause of action against it as the applicable statute of limitations has expired. NoR ¶¶ 33-37.

The burden of proving fraudulent joinder is a heavy one, and Defendants fail to carry it here. There are two time-limits applicable to Holbrook's breach of implied warranty claim against Galpin. First, there is a durational limitation: under California law, implied warranties "shall be coextensive in duration with an express warranty which accompanies the consumer goods," but "in no event shall such implied warranty have a duration . . . more than one year following the sale." Cal. Civ. Code § 1791.1(c). Defendants challenge the second time limit: the statute of limitations. The Song-Beverly Act does not contain its own statute of limitations. Instead, claims under it are governed by the same statute of limitations as for warranties under California Commercial Code § 2725. *See Mexia v. Rinker Boat Co., Inc.*, 174 Cal. App. 4th 1297, 1305-06 (2009). Under that statute, claims "must be commenced within four years after the cause of action accrued" and that typically "[a] breach of warranty occurs when tender of delivery is made." Cal. Com. Code § 2725. However, the statute contains a delayed-discovery exception: "where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." *Id.* The delayed-discovery exception is at the center of the parties' arguments.

The parties dispute when the cause of action for the breach of implied warranty claim against Galpin accrued. Defendants argue that it began at the time of sale – on or about December 24, 2011. In that case, the statute of limitations would have expired four years before Holbrook filed his complaint in state court in December of 2019. Holbrook claims that the delayed-discovery exception applies here. According to Holbrook, the statute of limitations on the *implied* warranty claim was tolled until discovery of the breach by operation of the two *express* warranties (which clearly extended to future performance). Holbrook argues that the discovery did not occur until "shortly before filing the instant action," and that therefore her suit is timely. Mot. at 12.

Defendants oppose Holbrook's delayed-discovery argument on two grounds. First, they argue that the repair history in the FAC[1] actually supports their position that the breach of implied warranty claim is time-barred. According to Defendants, the fact that Holbrook presented the Vehicle to Galpin and elsewhere for repairs demonstrates that at least some of the defects were "known to [Holbrook] more than four years before this action was filed," and that therefore the delayed-discovery exception does not apply. Defendants' Opposition to Motion to Remand ("Opp.") at 6, Docket No. 24. While the delayed-discovery exception may not apply to defects such as those connected with the 12B33 recall, which Holbrook sought repairs for back in 2012 (more than four years before filing the instant action), Defendants' argument does not preclude the

---

[1] The FAC alleged that the Vehicle's repair history includes:

   A. June 21, 2012: A visit to Galpin for concerns including Ford's 12B33 recall campaign

   B. May 1, 2014: A visit to Galpin for concerns including the universal garage door system

   C. March 13, 2015: A visit to a Ford-authorized repair facility for concerns including Ford's 14E03 recall campaign

   D. March 24, 2015: A visit to Galpin for concerns including a leaking transmission

   E. February 15, 2017: A visit to Galpin for concerns including wobbly driving

   F. August 28, 2017: A visit to a Ford-authorized repair facility for concerns including the Vehicle's failure to start

   G. October 25, 2017: A visit to a Ford-authorized repair facility for concerns including the fact that the check engine light on.

   H. September 10, 2018: A visit to a Ford-authorized repair facility for concerns including a loud growling noise from the Vehicle

   I. February 4, 2019: A visit to Galpin for concerns including a loud buzz noise from the Vehicle's radiator

   J. October 7, 2019: A visit to Galpin for concerns including wobbly driving and the fact that the check engine light was on

FAC ¶¶ 55-64.

4

exception from applying to defects not associated with any repairs that could have provided Holbrook with notice of them. The FAC pleads a long list of alleged defects,[2] at least some of which do not appear to have come up in the Vehicle's repair history.[3] Even the alleged defect with the CP4 high-pressure fuel injection pump ("CP4 FIP")[4] may fall within the delayed-discovery exception's scope. Defendants point to what they allege is the only repair involving the CP4 FIP: a repair that occurred in June 2017 because Holbrook allegedly "put[] gasoline in the diesel fuel system" and that resulted in a replacement of the fuel pump. *Id.* at 6-7. Whatever responsibility Holbrook may have for damaging that particular CP4 FIP, it does not bar him from bringing a breach of implied warranty claim against Galpin based in part on the alleged CP4 FIP defects.

Defendants also argue that Holbrook's delayed-discovery tolling theory is incorrect. Holbrook relies on a decision from this district that permitted, under California law, the kind of cross-tolling that she argues for. *See Ehrlich v. BMW of N. Am., LLC*, 801 F. Supp. 2d 908 (C.D. Cal. 2010). Following the reasoning in *Ehlich*, Holbrook's breach of implied warranty claim against Galpin would be timely. Defendants argue that the cross-tolling permitted in *Ehrlich* is an outlier, and cites several district court cases[5] to support their argument that Cal. Com. Code § 2725

---

[2] The FAC alleges that:

> During the warranty period, the Subject Vehicle contained or developed defects, including but not limited to, defects related to the engine; defects requiring the recalibration of the powertrain control module ("PCM"); defects requiring performance of Campaign 12B33; universal garage door home automation system inoperative; defects requiring reprogramming of the powertrain control module ("PCM") and/or transmission control module ("TCM"); remote keyless entry inoperable at times; failure of the key battery; leaking transmission; failure of the transmission pan gasket; defects requiring installation of anti-corrosion material in the battery; defects requiring reinstallation of the battery cables; failure of the sun roof track; wobbling of the front end of the Vehicle; failure to start; premature battery failure; illumination of the check engine light ("CEL"); defects causing diagnostic trouble code ("DTC") P21AB; failure of the reductant level sensor; abnormal growling noise when turning Vehicle off; defects requiring the left side battery ground cable to be insulated; failure of the brake light small bulb; defects requiring the Vehicle to be towed; failure of the engine wiring harness/battery cable harness, intake manifold gaskets, lower radiator hose o-rings, engine air filter, left battery insulator, and/or engine insulators; a loud buzzing noise from the radiator fan and/or engine vacuum system; failure of the was gate control valve hose; and/or any other defects described in the Vehicle's repair history.

FAC ¶ 9.

[3] For example, the alleged defects with the powertrain control module and transmission control module are not explicitly mentioned in the repair history (though it is possible that they are covered by one or more of the recall campaigns).

[4] The FAC alleges that the "CP4 EIP was defective, incompatible with U.S. diesel fuel and susceptible to sudden and premature failure" and that Ford knew or should have known about the defect. FAC ¶¶ 37-36.

[5] Those cases include: (1) *Baranco v. Ford Motor Co.*, 294 F. Supp. 3d 950 (N.D. Cal. 2018); (2) *MacDonald v. Ford Motor Co.*, 37 F. Supp. 3d 1087 (N.D. Cal. 2014); (3) *Philips v. Ford Motor Comopany*, 14-cv-02989-LHK, 2016 WL 1745948 (N.D. Cal. May 3, 2016).

"does not allow the breach of an express warranty to toll the statute of limitations to an altogether separate claim, such as an implied warranty claim." Opp. at 10-11 (international quotations and citations omitted). Given this split in authorities, and because in evaluating whether there is fraudulent joinder the bar is simply whether "there is *any* possibility that the state law might impose liability on a resident defendant," *Hunter v. Philip Morris USA*, 582 F.3d 1039 (9th Cir. 2009) (quoting *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007)) (emphasis added), the Court finds that Galpin is not a sham defendant.

### C. Dismissal of Galpin under Federal Rule of Civil Procedure 21

Alternatively, Defendants asked the Court to exercise its discretion under Federal Rule of Civil Procedure 21 to dismiss Galpin as a party. Opp. at 25-26. Dismissal of dispensable non-diverse parties should be exercised sparingly. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989). Given this and the strong presumption against exercising removal jurisdiction, the Court declines to dismiss here. The claims against Ford and Galpin are sufficiently intertwined, factually and legally, such that dismissal would be inconvenient and inefficient. Since it appears Holbrook will allege that Galpin performed repairs of the Vehicle, it would be far more convenient for Holbrook to present any claims concerning Galpin's failure to repair in the same case as claims concerning any manufacturing defects.

Because the Court finds that: (1) Defendants have adequately alleged that Holbrook is a California citizen; and (2) Holbrook has adequately pled a claim against Galpin, there is no diversity jurisdiction here and no need for the Court to consider the remaining issues raised by the parties.

## IV. Conclusion

The Court finds that the motion to remand can be decided without the need for oral argument. *See* C.D. Cal. L.R. 7-15. Therefore, the April 13, 2020 hearing date is taken off-calendar. Furthermore, given the ruling on the motion to remand, the motion to dismiss cannot be ruled upon by this Court and hence that motion is taken off-calendar.

Based on the foregoing discussion, the Court **GRANTS** the motion to remand, and the case is ordered to be remanded forthwith.